In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-2728

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARMEN CRUZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 1083—**Harry D. Leinenweber**, *Judge.*

ARGUED DECEMBER 10, 2002—DECIDED JANUARY 30, 2003

Before FLAUM, *Chief Judge*, and POSNER, and WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. Defendant Carmen Cruz pleaded guilty to one count of bank fraud under 18 U.S.C. § 1344 for forging and cashing false checks in the name of her employer's company. The district court enhanced her sentence by two levels under U.S.S.G. § 3B1.3 because it found Cruz had abused a position of trust in committing her crime. Cruz appeals the enhancement and argues she did not have the requisite discretion and authority in her office manager position to warrant the abuse of trust enhancement. For the following reasons we affirm the district court's decision to impose the enhancement.

**BACKGROUND**

In February 2002 Carmen Cruz pleaded guilty to one count of bank fraud after her employer discovered she had forged company checks and used the company's credit card for her own financial gain. Cruz worked as the office manager for Professional Elevator Services, Inc. ("PES"), a small company owned and operated by Kenneth Mason. Cruz's office manager position required her to draft checks to pay company expenses, purchase office supplies with the company credit card, supervise two employees, and perform other common bookkeeping and administrative tasks. Cruz did not have signature authority for PES accounts (only Mason could authorize payment), and an outside accountant periodically audited the company's finances, including Cruz's transactions.

Cruz accomplished her fraud by forging Mason's signature on checks drawn on PES accounts and made out to a conspiring co-worker, Kenneth Jackson, who also is Mason's son. Jackson cashed the checks at local currency exchanges and split the proceeds with Cruz. To conceal the forgery from Mason, Cruz recorded these checks in the company ledger under the name of a false payee and destroyed the canceled forged checks when the banks returned them to PES. Cruz also used the PES company credit card to pay her mortgage, make a down payment on a car, and buy plane tickets, furniture, jewelry, and other personal items. When the credit card bill arrived at PES, Cruz drafted a check from the company account to pay the balance and then threw away the statement detailing the charges. Over the two years Cruz worked her fraud, she stole about $121,000 from PES.

After admitting her fraudulent activities to the FBI during an interview in March 2001, Cruz pleaded guilty to one count of bank fraud under 18 U.S.C. § 1344. At sentencing the district court applied a two-level enhance-

ment pursuant to U.S.S.G. § 3B1.3 because it found she had abused a position of trust in her commission of the crime. The court sentenced Cruz to 15 months in prison with three years supervised release and ordered her to pay $113,986 restitution and a $100 special assessment. Cruz argues on appeal that her job as office manager did not provide her with sufficient discretion and authority to warrant the abuse of trust enhancement.

## ANALYSIS

We review the district court's interpretation and application of the Sentencing Guidelines *de novo*, but we defer to the court's finding that Cruz did in fact abuse a position of trust unless the finding was clearly erroneous. *United States v. Sonsalla*, 241 F.3d 904, 908 (7th Cir. 2001). Sentencing Guideline § 3B1.3 applies a two-level enhancement to the offense level when a "defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." United States Sentencing Commission, Guidelines Manual, § 3B1.3 (Nov. 2000). This court employs a two-part test to determine whether the abuse of trust guideline is appropriate under a particular set of facts: (1) whether the defendant occupied a position of trust, and (2) whether the defendant's abuse of that position of trust significantly facilitated her commission of the crime. *Sonsalla*, 241 F.3d at 909.

Cruz argues she did not deserve the abuse of trust enhancement for two reasons. First, Cruz claims she did not occupy a position of trust in relation to the "victim" of her crime. *See United States v. Hathcoat*, 30 F.3d 913, 919 (7th Cir. 1994) (analyzing position of trust from victim's perspective). Cruz argues the relevant position of trust for the purpose of applying § 3B1.3 is her relation-

ship to the drawee banks, which were the direct victims of her charged bank fraud conduct, and not her employer, PES. Since she neither actually nor constructively stood in a position of trust to the defrauded banks, Cruz insists she is ineligible for the abuse of trust enhancement. We disagree.

Courts may apply the abuse of trust enhancement even if the defendant did not occupy a position of trust in relation to the victim of the offense of conviction; it is enough if the defendant also harmed the person whose trust she did abuse. *See United States v. Bhagavan*, 116 F.3d 189, 193 (1997) (finding that majority shareholder and president of corporation charged with federal tax fraud abused the trust of minority shareholders even though he committed his crime against federal government). Similarly, a "vulnerable victim" enhancement may apply where the vulnerable victim was not the victim of the offense of conviction, but was harmed by conduct involved in the commission of that offense. *See, e.g., United States v. Stewart*, 33 F.3d 764, 770 (7th Cir. 1994); *United States v. Firment*, 296 F.3d 118, 120-21 (2d Cir. 2002). Of course, courts do not have unfettered discretion in deciding whether to apply sentencing enhancements. Rather, the guidelines make an enhancement available only in those cases where a defendant's charged or relevant conduct included a specific aggravating factor, such as an abuse of trust. *See* U.S.S.G. § 3B1.3, comment. (n.2) (confining abuse of trust enhancement to situations where defendants assume position of trust relative to victim), and Ch. 3, Pt. B, intro. comment. (instructing court to consider all relevant conduct in determining whether defendant abused a position of trust).

Here, the district court properly applied the abuse of trust enhancement to Cruz's sentence because her check forgery and bookkeeping deception vis-a-vis her employer constituted relevant conduct to her bank fraud convic-

tion. The sentencing guidelines define relevant conduct as criminal activity "that occur[s] during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). Cruz's fraud against PES not only occurred "during the commission" of her bank fraud, as she caused PES to suffer a direct financial loss of $121,000 when she kept the money from the forged checks for her own personal gain, it also occurred "in the course of attempting to avoid detection or responsibility" for her crime, as she entered false information into the PES accounting ledgers to hide her scheme. Furthermore, punishing Cruz for her fraudulent conduct, which was aggravated by her abuse of her employer's trust, serves the purpose of the relevant conduct guideline, which is "to free the [sentencing] court from the strict confines of the indictment so that it may hold the defendant accountable for the full range of harms that stemmed from [her] offense conduct." *United States v. Ritsema*, 31 F.3d 559, 567 (7th Cir. 1994).

Next, Cruz argues she had insufficient discretionary authority in her job as office manager to warrant the abuse of trust enhancement. In particular, she claims she is more like the ordinary bank teller or hotel clerk whom the Sentencing Guidelines suggest is not within reach of the enhancement than the skilled professional whose position of trust facilitates the commission of the crime. *See* U.S.S.G. § 3B1.3, comment. (n.1). Unfortunately for Cruz, our case law does not support her position. We have consistently, and very recently, affirmed abuse of trust enhancements in cases like this one where an employee takes advantage of her job position to defraud her employer. *See United States v. Tiojanco*, 286 F.3d 1019, 1021 (7th Cir. 2002) (collecting cases).

Employees may hold a position of trust even when they do not occupy upper-level or even supervisory positions.

*See Tiojanco*, 286 F.3d at 1022. Job title and credentials alone cannot fully inform the court whether a person held a position of trust. *United States v. Hernandez*, 231 F.3d 1087, 1089 (7th Cir. 2000). Instead, the relevant inquiry in deciding whether to apply § 3B1.3 is one that "assesses the actual amount of access an employee has to 'items of value.'" *Id.* (quoting *United States v. Lamb*, 6 F.3d 415, 419 (7th Cir. 1993)); *United States v. Deal*, 147 F.3d 562 (7th Cir. 1998). In *Deal* we held that a shopping center comptroller who was subject to direct supervision in submitting checks for payment held sufficient authority in his position to garner the trust of his supervisors, which then enabled him to evade detection while he stole money from the company. *Id.*, 147 F.3d at 563. We explained that "the fact that [the defendant] was able to steal so much and escape detection for so long is evidence . . . that he had a position of trust in which he could get away with more money and for a longer time than a hotel clerk or a bank teller would be likely to be able to do." *Id.* Similarly, in *Hernandez* we held that a staff accountant who had no managerial authority and who had to submit forms for approval in order to facilitate his fraud nevertheless held a position of trust for purpose of applying § 3B1.3. *Id.*, 231 F.3d at 109.

Here, Cruz held a position of limited authority at PES very similar to the positions held by the defendants in *Deal* and *Hernandez*. And like those defendants, Cruz abused the trust to work her fraud. Although Cruz argues she had no discretion to make payments and no authority to sign checks, her position in the company allowed her to steal nearly $121,000 over two years. Cruz not only earned the trust of her supervisor, Mason, so that he did not question her ledger entries or the propriety of the checks submitted to him for approval, she also used her position to destroy the forged checks when they were returned to PES from the defrauded banks and to de-

stroy the itemized credit card statements which would have revealed her fraud. Had Cruz not been entrusted with significant authority by virtue of her position in the company, she could not have defrauded Mason, PES, and the payee banks to such a degree. There is ample evidence to support the inference that Cruz held substantial autonomy and used it to commit her crime, and so the district court's decision to apply the abuse of trust enhancement was not clearly erroneous.

## CONCLUSION

We AFFIRM the application of the abuse of trust enhancement to Cruz's sentence.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—1-30-03